**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA MASENG | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| LENOX CORPORATION and | : | NO. |
| JOHN DOES 1-10, FICTICIOUS | : | |
| Defendants. | : | JURY TRIAL DEMANDED |
| | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania:**

Pursuant to 28 U.S.C. § 1441, Defendant Lenox Corporation, by and through counsel, The Law Offices of W. Kelly McWilliams, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendant states the following:

1. On August 19, 2020, Plaintiff Lisa Maseng instituted the above-captioned action by filing a Civil Action Complaint. *[See Complaint attached hereto, made part hereof and marked as Exhibit "A"].*

2. Plaintiff is a citizen of the State of South Carolina residing at 1417 Murraywood Court, Columbia SC 29212. *[See Exhibit "A" at ¶1].*

3. Defendant Lenox Corporation is a business entity existing under the laws of the State of Delaware with a principal place of business at 1414 Radcliffe Street, Bristol, PA 19007. *[See Exhibit "A" at ¶2].*

4. Defendant Lenox Corporation was served on August 27, 2020.

5.     Under 28 U.S.C. § 1332(a) the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different States. See 28 U.S.C. § 1332(a).

6.     A corporation is a citizen of the state where it is incorporated and where it has its principal place of business. See 28 U.S.C. § 1332(c)(1).

7.     A case may be removed based upon diversity of citizenship where none of the parties that have been properly joined and served as defendants are citizens of the State in which the action is brought. See 28 U.S.C. § 1441.

8.     Plaintiff has filed a Civil Action Lawsuit against Lenox Corporation, which is a Delaware corporation with a principal place of business in the Commonwealth of Pennsylvania. *[See Exhibit "A" at ¶2].*

9.     Accordingly, as to Plaintiff, Lisa Maseng is a South Carolina resident, and defendant Lenox Corporation, a Delaware and Pennsylvania resident; thus, diversity of citizenship exists.

10.     In Plaintiff's Complaint, she alleges claims of strict liability, negligence and breach of warranty against Defendant Lenox Corporation and ten "John Doe" defendants. Plaintiff claims " in an amount in excess of Fifth Thousand Dollars" for each count against Defendants. *[See Exhibit "A"].* Accordingly, the matter in controversy exceeds the sum of $75,000.

11.     As such, this Honorable Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 based upon the fact that there exists diversity of citizenship between the plaintiff, Lisa Maseng, and the defendant, Lenox Corporation, and the amount in controversy exceeds $75,000.00.

2

12.     The present lawsuit is removable from the Philadelphia County Court of Common Pleas pursuant to 28 U.S.C. §§ 1441 and 1446.

13.     True and correct copies of this Notice of Removal, with accompanying exhibits and separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached as *Exhibit B*, will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d), and will be served upon counsel for the Plaintiff via the Philadelphia Court of Common Pleas e-filing system as noted in the attached certificate of service.

WHEREFORE, petitioner, Lenox Corporation, respectfully requests that the above captioned action be removed to the United States District Court for the Eastern District of Pennsylvania.

**LAW OFFICES OF W. KELLY McWILLIAMS**

BY:     /s/  *R. Erick Chizmar*
        R. Erick Chizmar, Esquire
        PA Bar Id: 65277
        *Attorney for Defendant, Lenox Corporation*
        1515 Market Street, Suite 1802
        Philadelphia, PA 19103
        215-446-7683
        r.chizmar@thehartford.com

3

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA MASENG | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| LENOX CORPORATION and | : | NO. |
| JOHN DOES 1-10, FICTICIOUS | : | |
| Defendants. | : | JURY TRIAL DEMANDED |
| | : | |

## <u>NOTICE OF FILING OF REMOVAL</u>

To:   **Brandon A. Swartz, Esq.**
    **Bryan M. Ferris, Esq.**
    **Matthew J. McElvenny, Esq.**
    **SWARTZ CULLETON PC**
    547 E. Washington Avenue
    Newtown, PA 18940
    Attorneys for Plaintiff

PLEASE TAKE NOTICE THAT on September 15, 2020, Defendant, Lenox Corporation, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, Untied States Code, Section 1446(e).

                    **LAW OFFICES OF W. KELLY McWILLIAMS**

            BY:   /s/ *R. Erick Chizmar*
                    R. Erick Chizmar, Esquire
                    PA Bar Id: 65277
                    *Attorney for Defendant, Lenox Corporation*
                    1515 Market Street, Suite 1802
                    Philadelphia, PA 19103
                    215-446-7683
                    r.chizmar@thehartford.com

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA MASENG | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| LENOX CORPORATION and | : | NO. |
| JOHN DOES 1-10, FICTICIOUS | : | |
| Defendants. | : | JURY TRIAL DEMANDED |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, R. Erick Chizmar, hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the below counsel by e-filing system and/or electronic mail:

**Brandon A. Swartz, Esq.**
**Bryan M. Ferris, Esq.**
**Matthew J. McElvenny, Esq.**
**SWARTZ CULLETON PC**
547 E. Washington Avenue
Newtown, PA 18940
Attorneys for Plaintiff

**LAW OFFICES OF W. KELLY McWILLIAMS**


BY:   /s/  *R. Erick Chizmar*
R. Erick Chizmar, Esquire
PA Bar Id: 65277
*Attorney for Defendant, Lenox Corporation*
1515 Market Street, Suite 1802
Philadelphia, PA 19103
215-446-7683
r.chizmar@thehartford.com

**LAW OFFICES OF W. KELLY McWILLIAMS**
**BY:   R. Erick Chizmar, Esquire**
**I.D.#  65277**
**1515 Market Street - Suite 1802**
**Philadelphia, PA  19102**                        **Attorney for Defendant,**
**r.chizmar@thehartford.com**                       **Lenox Corporation**
**(215)  446-7683**

_____

| | | |
|---|---|---|
| LISA MASENG | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | PHILADELPHIA COUNTY |
| | : | |
| vs. | : | AUGUST TERM, 2020 |
| | : | |
| LENOX CORPORATION and | : | NO.  1693 |
| JOHN DOES 1-10, FICTICIOUS | : | |
| Defendants. | : | JURY TRIAL DEMANDED |
| | : | |

_____

## NOTICE OF FILING OF REMOVAL

To: The Prothonotary of the Court of Common Pleas of Philadelphia County

PLEASE TAKE NOTICE THAT on September 15, 2020, Defendant Lenox Corporation, filed in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a Notice of Removal.

A copy of this Notice of Removal is attached hereto and for filing with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

                                        **LAW OFFICES OF W. KELLY McWILLIAMS**

                               BY:   /s/  _R. Erick Chizmar_____
                                        R. Erick Chizmar, Esquire
                                        Attorney for Defendant, Lenox Corporation

Date: September 15, 2020

**LAW OFFICES OF W. KELLY McWILLIAMS**
**BY:   R. Erick Chizmar, Esquire**
**I.D.#  65277**
**1515 Market Street - Suite 1802**
**Philadelphia, PA  19102**                      **Attorney for Defendant,**
r.chizmar@thehartford.com                        **Lenox Corporation**
**(215)  446-7683**

| | | |
|---|---|---|
| LISA MASENG | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | PHILADELPHIA COUNTY |
| | : | |
| vs. | : | AUGUST TERM, 2020 |
| | : | |
| LENOX CORPORATION and | : | NO.  1693 |
| JOHN DOES 1-10, FICTICIOUS | : | |
| Defendants. | : | JURY TRIAL DEMANDED |
| | : | |

## CERTIFICATION OF SERVICE

I, R. Erick Chizmar, Esquire, hereby certify that a true and correct copy of the attached

Notice of Removal has been served upon the below counsel by the Philadelphia County Court of

Common Pleas e-filing system and/or electronic mail on this 15th day of September, 2020:

**Brandon A. Swartz, Esq.**
**Bryan M. Ferris, Esq.**
**Matthew J. McElvenny, Esq.**
SWARTZ CULLETON P.C.
547 E. Washington Avenue
Newtown, PA 18940

**LAW OFFICES OF W. KELLY McWILLIAMS**

BY:   /s/  *R. Erick Chizmar*
        R. Erick Chizmar, Esquire
        Attorney for Defendant, Lenox Corporation

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **AUGUST 2020** | **001693** |
| E-Filing Number: 2008034838 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| LISA MASENG | LENOX CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1417 MURRAYWOOD COURT<br>COLUMBIA SC 29212 | 1414 RADCLIFFE STREET 2ND FLOOR<br>BRISTOL PA 19007-5496 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JOHN DOES 1-10, FICTITIOUS DEFENDANT(S) |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | UNKNOWN<br>UNKNOWN PA UNKNOWN |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2P - PRODUCT LIABILITY |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER? |
|---|---|---|
| | **FILED<br>PRO PROTHY**<br><br>AUG **19** 2020<br><br>**S. RICE** | YES          NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: LISA MASENG

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| BRANDON A. SWARTZ | 547 E. WASHINGTON AVE.<br>NEWTOWN PA 18940 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215) 550-6553 | (215) 550-6557 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 78344 | bswartz@swartzculleton.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *BRANDON SWARTZ* | Wednesday, August 19, 2020, 09:41 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**SWARTZ CULLETON PC**
By: Brandon A. Swartz, Esquire
Identification No. 78344
bswartz@swartzculleton.com
By: Bryan M. Ferris, Esquire
Identification No. 93105
bferris@swartzculleton.com
By: Matthew J. McElvenny, Esquire
Identification No. 327438
mmcelvenny@swartzculleton.com
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiff
Lisa Maseng

Filed and Attested by the
Office of Judicial Records
19 AUG 2020 09:41 pm
S. RICE

| | | |
|---|---|---|
| LISA MASENG | : | COURT OF COMMON PLEAS |
| 1417 Murraywood Court | : | PHILADELPHIA COUNTY |
| Columbia, SC 29212 | : | |
| *Plaintiff* | : | |
| | : | _____ TERM, 2020 |
| vs. | : | |
| | : | |
| LENOX CORPORATION | : | |
| 1414 Radcliffe Street, 2nd Floor | : | |
| Bristol, PA 19007-5496 | : | |
| and | : | |
| JOHN DOES 1-10, FICTITIOUS | : | |
| DEFENDANT(S) | : | |
| *Defendants* | : | **JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros |

Case ID: 200801693

LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE

1101 Market St., 11th Floor
Philadelphia, Pennsylvania 19107
Telephone: 215-238-6333

derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
SERVICO DE REFERENCIA E INFORMACION LEGAL

1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
Telefono: 215-238-6333

Case ID: 200801693

**SWARTZ CULLETON PC**
By: Brandon A. Swartz, Esquire
Identification No. 78344
bswartz@swartzculleton.com
By: Bryan M. Ferris, Esquire
Identification No. 93105
bferris@swartzculleton.com
By: Matthew J. McElvenny, Esquire
Identification No. 327438
mmcelvenny@swartzculleton.com
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiff,
Lisa Maseng

| | | |
|---|---|---|
| LISA MASENG<br>1417 Murraywood Court<br>Columbia, SC 29212<br>*Plaintiff*<br><br>vs.<br><br>LENOX CORPORATION<br>1414 Radcliffe Street, 2nd Floor<br>Bristol, PA 19007-5496<br>and<br>JOHN DOES 1-10, FICTITIOUS<br>DEFENDANT(S)<br>*Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>_____ TERM, 2020<br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

1.    Plaintiff, Lisa Maseng, is an adult individual and citizen of the State of South

Carolina, residing therein at the above-captioned address.

2.    Defendant, Lenox Corporation, was and is now a business entity, believed to be

a corporation, duly organized and existing under the laws of the State of Delaware, with a

principal place of business located in the Commonwealth of Pennsylvania at the above-captioned

address.

3.      Defendant(s), John Does 1-10, Fictitious Defendant(s), are individuals, corporations, or entities whose identities are not yet known to Plaintiff, but who designed, manufactured, licensed, sold, supplied, serviced and/or distributed the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle involved in Plaintiff's accident described herein.

4.      Venue is proper in Philadelphia County because Defendant Lenox Corporation regularly and continuously conducts in Philadelphia County.

5.      At all times material herein, the Defendants, and each of them, acted by and through their respective employees, agents, servants, workmen and/or other representatives who were, in turn, acting within the course and scope of their employment, agency, and/or service for same.

6.      At all times relevant hereto, the Defendants, by and through their respective employees, agents, servants, workmen and/or other representatives, were regularly engaged in the business of designing, developing, manufacturing, apparently manufacturing, distributing, marketing, selling and/or licensing various household goods, home décor products and tableware/giftware for consumer use, including designing, distributing, developing, assembling, testing, marketing, manufacturing, apparently manufacturing, licensing, providing safety recommendations and/or selling tea kettles, and the component parts thereto, including the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle, and all associated instruction manuals and warnings. See Photographs of the Subject Product attached hereto as Exhibit "A."

7.      At all times relevant hereto, the Defendants designed, distributed, assembled, licensed, marketed, manufactured, apparently manufactured, maintained, repaired, serviced,

Case ID: 200801693

provided safety recommendations and/or sold the subject Tea Kettle, and the component parts thereto, and all instruction manuals and associated warnings.

8.      On or about October 6, 2018, Plaintiff was in her home and using a Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle in an ordinary and reasonable fashion when the subject product unexpectedly exploded, thereby causing boiling water to be violently ejected from the product and dousing Plaintiff with scalding water.  The subject product was designed, manufactured, apparently manufactured, developed, assembled, tested, inspected, promoted, marketed, licensed, distributed and/or sold by the Defendants.  Prior to the time of Plaintiff's accident, Plaintiff purchased the subject product new from a Tuesday Morning store in Richland County, South Carolina and the subject product was in the same condition at the time of Plaintiff's accident as it was when it left Defendants' facilities, undergoing no subsequent alterations or modifications.

9.      As depicted in the photographs of the subject product attached to this Complaint as Exhibit A, the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle involved in Plaintiff's accident was embossed, affixed and/or otherwise labeled with Defendant Lenox Corporation's name/trademark, "Lenox® American by Design."

10.     Defendant Lenox Corporation labeled the aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and/or allowed the aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle to be labeled and sold with its name and/or trademark which readily identified Defendant Lenox Corporation as the apparent and/or actual manufacturer of the product.

11.     As such, Defendant Lenox Corporation could reasonably expect end users and consumers to purchase the aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle

in reliance upon the reputation associated with Defendant Lenox Corporation's name and

Defendant Lenox Corporation put out the aforesaid Lenox Profile 2.5 quart Stainless Steel

Whistling Tea Kettle as its own product.

12.     Upon information and belief, Defendant Lenox Corporation knew that the Lenox

Profile 2.5 quart Stainless Steel Whistling Tea Kettle contained a design and/or manufacturing

defect prior to the date of Plaintiff's accident and had received multiple consumer

complaints/reports regarding the same, yet failed to take timely action to warn end consumers or

otherwise remedy the defective design, manufacture and/or apparent manufacture of the product.

13.     Upon further information and belief, the product model involved in Plaintiff's

accident was subsequently the subject of a product recall as a result of its burn hazard following

other instances in which the same product model similarly exploded and/or expelled hot water

through the top, thereby resulting in injuries to end consumers of the product.

**COUNT I**
**LISA MASENG v. LENOX CORPORATION**
**PRODUCTS LIABILITY - STRICT LIABILITY**

14.     Plaintiff hereby incorporates by reference paragraphs one (1) through thirteen (13)

of the within Complaint as though the same were fully set forth at length herein.

15.     Defendant, Lenox Corporation, designed, manufactured, apparently

manufactured, sold and/or placed into the stream of commerce a defective product that violated

the standards created in *Tincher v. Omega Flex,* 104 A.3d 399 (Pa. 2014).  More specifically, the

Defendant designed, manufactured, apparently manufactured, sold and/or placed into the stream

of commerce a defective product wherein: (a) the danger of the product was unknowable and

unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude

that the probability and seriousness of harm caused by the Defendant's defective product outweighed the burden or costs of taking precautions.

16.     Defendant, Lenox Corporation, designed, manufactured, apparently manufactured, prepared, assembled, tested, maintained, promoted, marketed, imported, licensed, distributed and/or sold the aforementioned Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle, including all instruction manuals and associated warnings, which caused Plaintiff's accident and injuries.

17.     The accident described herein was caused solely and exclusively by Defendant's defective design, assembly, manufacture, apparent manufacture, licensing and/or sale of the aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts.

18.     Defendant Lenox Corporation is strictly liable to Plaintiff as follows:

(a)     designing, manufacturing, apparently manufacturing, assembling, licensing, distributing and/or selling the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

(b)     failing to design, manufacture, apparently manufacture, assemble, license, distribute and/or sell the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts to include an effective and durable safeguard and/or other mechanism to prevent the accident described above which caused Plaintiff's injuries;

(c)     failing to properly equip the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts with an appropriate safety mechanism to prevent the accident described above which caused Plaintiff's injuries;

(d)     failing to properly design, license, manufacture and/or apparently manufacture the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts to warn users of the potential for the type of accident described above which caused Plaintiff's injuries;

(e)     failing to properly design, license, manufacture and/or apparently manufacture the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts to prevent the internal bottom of the

product from suddenly rupturing, thereby causing the product to explode and eject boiling water;

(f)     creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(g)     failing to exercise the requisite degree of care and caution in the distribution, manufacture, apparent manufacture, assembly, licensing, design and/or sale of the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts;

(h)     failing to exercise the requisite degree of care and caution in the distribution, manufacture, apparent manufacture, assembly, licensing, design and/or sale of the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts to prevent the type of malfunction that occurred at the time of Plaintiff's accident;

(i)     failing to ensure that the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle was safe and free from hidden defects;

(j)     failing to properly inspect, test, identify and correct dangerous and defective conditions in the Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle;

(k)     failing to ensure that the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers of the product, such as the Plaintiff;

(l)     failing to warn purchasers and end users of the dangers of the subject product;

(m)     failing to take timely action to warn end consumers or otherwise remedy the defective design, manufacture and/or apparent manufacture of the subject product, which was known to Defendant prior to the date of Plaintiff's accident;

(n)     embossing, affixing and/or otherwise labeling the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts with Defendant Lenox Corporation's name/trademark, "Lenox® American by Design;"

(o)     allowing the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts to be embossed, affixed and/or labeled and sold with Defendant Lenox Corporation's name and/or trademark which

readily identified Defendant Lenox Corporation as the apparent and/or actual manufacturer of the product;

(p)    vicarious liability as an apparent manufacturer of the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle pursuant to the Restatement (Second) of Torts §400; and

(q)    any other acts or omissions that may be revealed in discovery.

19.    The accident described herein was due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

20.    At all times relevant hereto, Defendant's aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts were defective and unsafe for consumer use.

21.    At all times relevant hereto, there were latent defects in the Defendant's aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

22.    The Defendant designed, manufactured, apparently manufactured, distributed, licensed and/or sold the aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

23.    Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

24.    In addition, Defendant, Lenox Corporation, designed, manufactured, apparently manufactured, assembled, licensed, distributed and sold the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle with defective warnings and instructions in violation of the Restatement (Second) of Torts § 402(B).

25.     In that regard, the warnings and instructions were not adequately durable, visible, or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts, such as the Plaintiff.

26.     The defective warnings and instructions caused Plaintiff's injuries.

27.     Furthermore, Defendant Lenox Corporation is liable and/or vicariously liable to Plaintiff as an apparent manufacturer of the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle pursuant to the Restatement (Second) of Torts §400.

28.     In that regard, as set forth above and as depicted in the photographs of the subject product attached to this Complaint as Exhibit A, the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle involved in Plaintiff's accident was embossed, affixed and/or otherwise labeled with Defendant Lenox Corporation's name/trademark, "Lenox® American by Design."

29.     Defendant Lenox Corporation labeled the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and/or allowed the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle to be labeled and sold with its name and/or trademark which readily identified Defendant Lenox Corporation as the apparent and/or actual manufacturer of the product.

30.     In fact, the label printed on the subject product – "Lenox® American by Design" implies not only that Defendant Lenox Corporation was the actual or apparent manufacturer of the product, but also that it was the actual or apparent designer of the subject product.

31.     As such, Defendant Lenox Corporation could reasonably expect end users and consumers to purchase the subject product in reliance upon the reputation associated with

Defendant Lenox Corporation's name and Defendant Lenox Corporation put out the subject product as its own product.

32.     Defendant Lenox Corporation is therefore subject to the same liability as though it was the actual manufacturer of the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle pursuant to the apparent manufacturer doctrine and Restatement (Second) of Torts § 400 and is vicariously liable for causing Plaintiff's injuries and damages.

33.     As a result of the aforementioned conduct of Defendant, Plaintiff suffered severe and permanent injuries, including, but not limited to: thermal burn injuries and severe and permanent injuries to her face, neck, chest, right ear and right arm; as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.

34.     As a result of the aforesaid conduct of the Defendant, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great loss and detriment.

35.     As a further result of the aforesaid conduct of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

36.     As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

37.     Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

38.     As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

39.     As a further result of the accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

40.     As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Lisa Maseng, demands judgment against the Defendant, Lenox Corporation, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT II
### LISA MASENG v. LENOX CORPORATION
### PRODUCTS LIABILITY - NEGLIGENCE

41.     Plaintiff hereby incorporates by reference paragraphs one (1) through forty (40) of the within Complaint as though the same were fully set forth at length herein.

42.     At all times material hereto, Defendant, Lenox Corporation, owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing, licensing, manufacturing and apparently manufacturing the aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts, and to license, sell and/or distribute that product in a reasonably safe condition.

Case ID: 200801693

43.     The Defendant was negligent in designing, manufacturing, apparently manufacturing, assembling, marketing, licensing, distributing and/or selling the defectively designed and manufactured Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts, which consisted of the following:

(a)     carelessly and negligently distributing, supplying, assembling, designing, manufacturing, apparently manufacturing, licensing and/or selling the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts in a defective and dangerous condition so as to cause injury to the Plaintiff;

(b)     carelessly and negligently failing to implement a safe system for ensuring the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts could be used safely by ordinary consumers of the product, such as Plaintiff;

(c)     carelessly and negligently failing to recognize the inherent possibility that the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts could malfunction and/or fail;

(d)     carelessly and negligently failing to properly equip the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts with proper safety equipment and/or mechanisms to prevent the type of accident which caused Plaintiff's injuries;

(e)     carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(f)     failing to exercise the requisite degree of care and caution in the distribution, manufacture, apparent manufacture, assembly, design, supply, licensing and/or sale of the aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts;

(g)     failing to ensure that the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

(h)     failing to properly design, license, manufacture and apparently manufacture the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts to prevent the internal bottom of the product from suddenly rupturing, thereby causing the product to explode

Case ID: 200801693

and eject boiling water;

(i)    failing to warn purchasers and end users of the dangers of the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle;

(j)    failing to properly and adequately test the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle;

(k)    failing to properly and adequately inspect the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle;

(l)    failing to recall or otherwise remove from retail the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle because of its defective and dangerous condition prior to Plaintiff's accident;

(m)    failing to ensure that the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle was safe and free from hidden defects;

(n)    failing to identify and correct dangerous and defective conditions in the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle;

(o)    failing to take timely action to warn end consumers or otherwise remedy the defective design, manufacture and/or apparent manufacture of the subject product, which was known to Defendant prior to the date of Plaintiff's accident;

(p)    embossing, affixing and/or otherwise labeling the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts with Defendant Lenox Corporation's name/trademark, "Lenox® American by Design;"

(q)    allowing the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts to be embossed, affixed and/or labeled and sold with Defendant Lenox Corporation's name and/or trademark which readily identified Defendant Lenox Corporation as the apparent and/or actual manufacturer of the product;

(r)    vicarious liability as an apparent manufacturer of the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle pursuant to the Restatement (Second) of Torts § 400;

(s)    violating the laws of the Commonwealth of Pennsylvania;

(t)    violating the laws of the United States;

(u)    otherwise failing to use due care and caution under the circumstances; and

(v)     such other acts or omissions constituting negligence as shall become evident during the course of discovery or trial of this case.

44.    The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

45.    As a result of the aforementioned negligence of the Defendant, the Plaintiff suffered the injuries described in paragraphs thirty-three (33) through forty (40) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Lisa Maseng, demands judgment against the Defendant, Lenox Corporation, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT III
## LISA MASENG v. LENOX CORPORATION
## BREACH OF WARRANTY

46.    Plaintiff hereby incorporates by reference paragraphs one (1) through forty-five (45) of the within Complaint as though the same were fully set forth at length herein.

47.    By virtue of the manufacture, apparent manufacture, licensing and/or sale of the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle for use by an end consumer, Defendant, Lenox Corporation, warranted to Plaintiff that the subject product was safe, merchantable and fit for its intended use.

48.    The subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle, in fact, was not safe, merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous, rendering it unsafe for the foreseeable uses for which it was designed and licensed.  Plaintiff was a foreseeable user of the subject product and could reasonably be expected to be injured by the subject product.

49.    As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of

express and/or implied warranties that the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts were merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

50.     As a result of the aforementioned breach, Plaintiff suffered the injuries described in paragraphs thirty-three (33) through forty (40) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Lisa Maseng, demands judgment against the Defendant, Lenox Corporation, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT IV
### LISA MASENG v. JOHN DOES 1-10, FICTITIOUS DEFENDANT(S)
### PRODUCTS LIABILITY - STRICT LIABILITY

51.     Plaintiff hereby incorporates by reference paragraphs one (1) through fifty (50) of the within Complaint as though the same were fully set forth at length herein.

52.     Defendant(s), John Does 1-10, Fictitious Defendant(s), designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex,* 104 A.3d 399 (Pa. 2014).  More specifically, the John Doe Defendant(s) designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product wherein: (a) the danger of the product was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighed the burden or costs of taking precautions.

53.     Defendant(s), John Does 1-10, Fictitious Defendant(s), designed, manufactured, apparently manufactured, prepared, assembled, tested, maintained, promoted, marketed, imported, licensed, distributed and/or sold the aforementioned Lenox Profile 2.5 quart Stainless

Steel Whistling Tea Kettle, including all instruction manuals and associated warnings, which caused Plaintiff's accident and injuries.

54.    The accident described herein was caused solely and exclusively by the John Doe Defendant(s)'s defective design, assembly, manufacture, apparent manufacture, licensing and/or sale of the aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts.

55.    Defendant(s) John Does 1-10, Fictitious Defendant(s) is/are strictly liable to Plaintiff as follows:

(a)    designing, manufacturing, apparently manufacturing, assembling, licensing, distributing and/or selling the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts in a defendant and dangerous condition so as to cause injury to the Plaintiff;

(b)    failing to design, manufacture, apparently manufacture, assemble, license, distribute and/or sell the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts to include an effective and durable safeguard and/or other mechanism to prevent the accident described above which caused Plaintiff's injuries;

(c)    failing to properly equip the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts with an appropriate safety mechanism to prevent the accident described above which caused Plaintiff's injuries;

(d)    failing to properly design, license, manufacture and/or apparently manufacture the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts to warn users of the potential for the type of accident described above which caused Plaintiff's injuries;

(e)    failing to properly design, license, manufacture and/or apparently manufacture the subject Lenox Profile 2.5 quart Stainless Streel Whistling Tea Kettle and its component parts to prevent the internal bottom of the product from suddenly rupturing thereby causing the product to explode and eject boiling water;

(f)    creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(g)     failing to exercise the requisite degree of care and caution in the distribution, manufacture, apparent manufacture, assembly, licensing, design and/or sale of the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts;

(h)     failing to exercise the requisite degree of care and caution in the distribution, manufacture, apparent manufacture, assembly, licensing, design and/or sale of the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts to prevent the type of malfunction that occurred at the time of Plaintiff's accident;

(i)     failing to ensure that the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle was safe and free from hidden defects;

(j)     failing to properly inspect, test, identify and correct dangerous and defective conditions in the Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle;

(k)     failing to ensure that the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers of the product, such as the Plaintiff;

(l)     failing to warn purchasers and end users of the dangers of the subject product;

(m)     failing to take timely action to warn end consumers or otherwise remedy the defective design, manufacture and/or apparent manufacture of the subject product, which was known to Defendant prior to the date of Plaintiff's accident;

(n)     embossing, affixing and/or otherwise labeling the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts with Defendant Lenox Corporation's name/trademark, "Lenox® American by Design;"

(o)     allowing the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts to be embossed, affixed and/or labeled and sold with Defendant Lenox Corporation's name and/or trademark which readily identified Defendant Lenox Corporation as the apparent and/or actual manufacturer of the product;

(p)     vicarious liability as an apparent manufacturer of the subject Lenox Profile 2.5 quart Stainless Steel Tea Kettle pursuant to the Restatement (Second) of Torts §400; and

(q)   any other acts or omissions that may be revealed in discovery.

56.   The accident described herein was due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

57.   At all times relevant hereto, the John Doe Defendant(s)'s aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts were defective and unsafe for consumer use.

58.   At all times relevant hereto, there were latent defects in the John Doe Defendant(s)'s aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

59.   The John Doe Defendant(s) designed, manufactured, apparently manufactured, distributed, licensed and/or sold the aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

60.   The John Doe Defendant(s) is/are strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

61.   In addition, the John Doe Defendant(s) designed, manufactured, apparently manufactured, assembled, licensed, distributed and sold the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle with defective warnings and instructions in violation of the Restatement (Second) of Torts § 402(B).

62.   In that regard, the warnings and instructions were not adequately durable, visible, or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid Lenox

Case ID: 200801693

Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts, such as the Plaintiff.

63.    The defective warnings and instructions caused Plaintiff's injuries.

64.    Furthermore, the John Doe Defendant(s) is/are liable and/or vicariously liable to Plaintiff as an apparent manufacturer of the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle pursuant to the Restatement (Second) of Torts §400.

65.    As a result of the aforementioned conduct of the John Doe Defendant(s), Plaintiff suffered severe and permanent injuries, including, but not limited to: thermal burn injuries and severe and permanent injuries to her face, neck, chest, right ear and right arm; as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.

66.    As a result of the aforesaid conduct of the John Doe Defendant(s), Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great loss and detriment.

67.    As a further result of the aforesaid conduct of the John Doe Defendant(s), Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

68.    As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

69.    Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

70.    As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

71.    As a further result of the accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

72.    As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Lisa Maseng, demands judgment against the Defendant(s), John Does 1-10, Fictitious Defendant(s), in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT V
### LISA MASENG v. JOHN DOES 1-10, FICTITIOUS DEFENDANT(S)
### PRODUCTS LIABILITY - NEGLIGENCE

73.    Plaintiff hereby incorporates by reference paragraphs one (1) through seventy-two (72) of the within Complaint as though the same were fully set forth at length herein.

74.    At all times material hereto, Defendant(s), John Does 1-10, Fictitious Defendant(s), owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing, licensing, manufacturing and apparently manufacturing the aforesaid Lenox

Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts, and to license, sell and/or distribute that product in a reasonably safe condition.

75.    The John Doe Defendant(s) was/were negligent in designing, manufacturing, apparently manufacturing, assembling, marketing, licensing, distributing and/or selling the defectively designed and manufactured Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts, which consisted of the following:

(a)    carelessly and negligently distributing, supplying, assembling, designing, manufacturing, apparently manufacturing, licensing and/or selling the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts in a defective and dangerous condition so as to cause injury to the Plaintiff;

(b)    carelessly and negligently failing to implement a safe system for ensuring the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts could be used safely by ordinary consumers of the product, such as Plaintiff;

(c)    carelessly and negligently failing to recognize the inherent possibility that the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts could malfunction and/or fail;

(d)    carelessly and negligently failing to properly equip the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts with proper safety equipment and/or mechanisms to prevent the type of accident which caused Plaintiff's injuries;

(e)    carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(f)    failing to exercise the requisite degree of care and caution in the distribution, manufacture, apparent manufacture, assembly, design, supply, licensing and/or sale of the aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts;

(g)    failing to ensure that the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

(h)     failing to properly design, license, manufacture and apparently manufacture the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts to prevent the internal bottom of the product from suddenly rupturing, thereby causing the product to explode and eject boiling water;

(i)     failing to warn purchasers and end users of the dangers of the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle;

(j)     failing to properly and adequately test the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle;

(k)     failing to properly and adequately inspect the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle;

(l)     failing to recall or otherwise remove from retail the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle because of its defective and dangerous condition prior to Plaintiff's accident;

(m)     failing to ensure that the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle was safe and free from hidden defects;

(n)     failing to identify and correct dangerous and defective conditions in the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle;

(o)     failing to take timely action to warn end consumers or otherwise remedy the defective design, manufacture and/or apparent manufacture of the subject product, which was known to Defendant prior to the date of Plaintiff's accident;

(p)     embossing, affixing and/or otherwise labeling the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts with Defendant Lenox Corporation's name/trademark, "Lenox® American by Design;"

(q)     allowing the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts to be embossed, affixed and/or labeled and sold with Defendant Lenox Corporation's name and/or trademark which readily identified Defendant Lenox Corporation as the apparent and/or actual manufacturer of the product;

(r)     vicarious liability as an apparent manufacturer of the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle pursuant to the Restatement (Second) of Torts §400.

(s)     violating the laws of the Commonwealth of Pennsylvania;

    (t)    violating the laws of the United States;

    (u)    otherwise failing to use due care and caution under the circumstances; and

    (v)    such other acts or omissions constituting negligence as shall become evident during the course of discovery or trial of this case.

76.    The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

77.    As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs thirty-three (33) through forty (40) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Lisa Maseng, demands judgment against the Defendant(s), John Does 1-10, Fictitious Defendant(s), in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT VI
## LISA MASENG v. JOHN DOES 1-10, FICTITIOUS DEFENDANT(S)
## <u>BREACH OF WARRANTY</u>

78.    Plaintiff hereby incorporates by reference paragraphs one (1) through seventy-seven (77) of the within Complaint as though the same were fully set forth at length herein.

79.    By virtue of the manufacture, apparent manufacture, licensing and/or sale of the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle for use by an end consumer, the John Doe Defendant(s) warranted to Plaintiff that the subject product was safe, merchantable and fit for its intended use.

80.    The subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle, in fact, was not safe, merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous, rendering it unsafe for the foreseeable uses

for which it was designed. Plaintiff was a foreseeable user of the subject product and could reasonably be expected to be injured by the subject product.

81.    As a result of the foregoing, the John Doe Defendant(s) is/are liable to the Plaintiff for the breach of express and/or implied warranties that the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts were merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

82.    As a result of the aforementioned breach, Plaintiff suffered the injuries described in paragraphs thirty-three (33) through forty (40) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Lisa Maseng, demands judgment against the Defendant(s), John Does 1-10, Fictitious Defendant(s), in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT VII
### LISA MASENG v. ALL DEFENDANTS
### RECKLESS CONDUCT – CLAIM FOR PUNITIVE DAMAGES

83.    Plaintiff hereby incorporates by reference paragraphs one (1) through eighty-two (82) of the within Complaint as though the same were fully set forth at length herein.

84.    At all times material hereto, Defendant Lenox Corporation and the John Doe Defendant(s), owed a duty to end users and consumers of its product, such as the Plaintiff, to exercise reasonable care in designing, manufacturing, apparently manufacturing, licensing, distributing and selling the aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts, in a reasonably safe condition.

85.     Upon information and belief, Defendant Lenox Corporation and the John Doe Defendant(s) knew that the Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle contained a design and/or manufacturing defect prior to the date of Plaintiff's accident and had received multiple consumer complaints/reports regarding the same, yet failed to take timely action to warn end consumers or otherwise remedy the defective design, manufacture and/or apparent manufacture of the product.

86.     The Defendants' conduct in failing to take timely action to warn end consumers or otherwise remedy the defective design, manufacture and/or apparent manufacture of the product when Defendants knew of the existence of a design and/or manufacturing defect of the product prior to Plaintiff's accident was reckless and/or outrageous under the circumstances.

87.     The Defendants were reckless in designing, manufacturing, apparently manufacturing, assembling, marketing, licensing, distributing and/or selling the defectively designed and/or manufactured Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts, in the following respects:

(a)     recklessly, carelessly, and negligently distributing, supplying, assembling, designing, manufacturing, apparently manufacturing, licensing and/or selling the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts in a defective and dangerous condition so as to cause injury to the Plaintiff, particularly when Defendants were previously aware of such defective and dangerous condition;

(b)     recklessly, carelessly, and negligently failing to implement a safe system for ensuring the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts could be used safely by ordinary consumers of the product, such as Plaintiff, particularly when Defendants were previously aware of the defective and dangerous condition of the product;

(c)     recklessly, carelessly, and negligently failing to recognize the inherent possibility that the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts could malfunction and/or

fail, particularly when Defendants were previously aware of such defective and dangerous condition;

(d)     recklessly, carelessly, and negligently failing to properly equip the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts with proper safety equipment and/or mechanisms to prevent the type of accident which caused Plaintiff's injuries, particularly when Defendants were previously aware of the dangerous and defective condition of the product;

(e)     recklessly, carelessly, and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product, particularly when Defendants were previously aware of the dangerous and defective condition of the product;

(f)     failing to exercise the requisite degree of care and caution in the distribution, manufacture, apparent manufacture, assembly, design, supply, licensing and/or sale of the aforesaid Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts, particularly when Defendants were previously aware of the dangerous and defective condition of the product;

(g)     failing to ensure that the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff, particularly when Defendants were previously aware of the dangerous and defective condition of the product;

(h)     failing to properly design, license, manufacture and apparently manufacture the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle and its component parts to prevent the internal bottom of the product from suddenly rupturing, thereby causing the product to explode and eject boiling water, particularly when Defendants were previously aware of the dangerous and defective condition of the product;

(i)     failing to warn purchasers and end users of the dangers of the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle, particularly when Defendants were previously aware of the dangerous and defective condition of the product;

(j)     failing to properly and adequately test the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle, particularly when Defendants were previously aware of the dangerous and defective condition of the product;

(k)     failing to properly and adequately inspect the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle, particularly when Defendants

were previously aware of the dangerous and defective condition of the product;

(l)    failing to recall or otherwise remove from retail the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle because of its defective and dangerous condition prior to Plaintiff's accident, particularly when Defendants were previously aware of the dangerous and defective condition of the product;

(m)    failing to ensure that the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle was safe and free from hidden defects, particularly when Defendants were previously aware of the dangerous and defective condition of the product;

(n)    failing to correct the dangerous and defective conditions in the subject Lenox Profile 2.5 quart Stainless Steel Whistling Tea Kettle of which Defendants were previously aware; and

(o)    failing to take timely action to warn end consumers or otherwise remedy the defective design and/or manufacture of the subject product, which was known to Defendant prior to the date of Plaintiff's accident.

88.    The Defendants' aforesaid reckless, indifferent and outrageous conduct was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

89.    As a result of the Defendants' reckless, indifferent and outrageous conduct, the Plaintiff suffered the injuries described in paragraphs thirty-three (33) through forty (40) herein, which are incorporated by reference as though fully set forth at length.

90.    As a further result of the Defendants' reckless, indifferent and outrageous conduct, the Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff, Lisa Maseng, demands judgment against all Defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), including punitive damages in addition to compensatory damages.

Case ID: 200801693

Respectfully,

**SWARTZ CULLETON PC**


By:    /s/Brandon A. Swartz
Brandon A. Swartz, Esquire
Bryan M. Ferris, Esquire
Matthew J. McElvenny, Esquire

*Attorneys for Plaintiff,*
Lisa Maseng

Date: August 19, 2020

## VERIFICATION

I, _Lisa Maseng_____, hereby state that I am the Plaintiff in this action and

verify that the statements made in the foregoing Civil Action Complaint are true and

correct to the best of my knowledge, information and belief.   The undersigned

understands that the statements herein are made subject to the penalties of 18 Pa. C.S.

4904 relating to unsworn falsification to authorities.

X _____

DocuSigned by:

Lisa Maseng

3EFB913DA275430...

# Exhibit A









